# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　　　) <br>　　　　　　　　Plaintiff, 　　　　　)<br>　vs.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>RICKON AMYON WADE, 　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　　Defendant.　　　　　)<br>　　　　　　　　　　　　　　　　　) | Case No.: 2:21-cr-00001-GMN-BNW-1<br><br>**ORDER** |

　　　　Pending before the Court are the Motion for Default Judgment, (ECF No. 147), First Motion for Copy of Docket Sheet, (ECF No. 149), Motion for Copy of Response Brief, (ECF No. 153), and Second Motion for Copy of Docket Sheet, (ECF No. 154), filed by Petitioner Rickon Amyon Wade ("Petitioner"). The Government filed a Response, (ECF No. 150), to Petitioner's Motions for Default Judgment and First Motion for Copy of Docket Sheet, to which Petitioner has not filed a Reply. For the reasons discussed below, the Court **GRANTS** Petitioner's First Motion for Copy of Docket Sheet and Motion for Copy of Response Brief, **DENIES** Petitioner's Motion for Default Judgment, and **DENIES as moot** Petitioner's Second Motion for Copy of Docket Sheet.[1]

　　　　Petitioner's Motions all relate to his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Mot."), (ECF No. 135). On March 15, 2023, the Government filed a Response to Petitioner's § 2255 Motion. (Resp. § 2255 Mot., ECF No. 142). However, Petitioner explains he never received the Government's Response because he has been "in

---

[1] Petitioner's First and Second Motion for Copy of Docket Sheet both request the Court send him a copy of the docket. (*Cf.* First Mot. Copy Docket Sheet, and Second Mot. Copy Docket Sheet, ECF Nos. 149, 154). Because the Court grants Petitioner's First Motion for Copy of Docket Sheet, it denies the Second Motion for Copy of Docket Sheet as moot.

transit moving from one prison to another for the past couple of months." (Mot. Copy Resp. Brief at 1, ECF No. 153).  The docket reflects that Petitioner filed a series of Notices of Change of Address, (ECF No. 143, 144, 145), shortly after the Government filed his Response, with his final Notice of Change of Address being filed on April 11, 2023. (ECF No. 146).  The address currently shown on the docket matches the address Petitioner listed in his most recent filing, the Motion for Copy of Docket Sheet, (ECF No. 154).

Based on the foregoing, Petitioner filed his Motion for Default Judgment based on his mistaken belief the Government never filed a response.  Because the Government timely filed its Response, the Court DENIES Petitioner's Motion for Default Judgment.[2]

Petitioner's remaining Motions request an extension of time to file a reply to his § 2255 Motion, a copy of the docket, and a copy of the Government's Response to Petitioner's § 2255 Motion. (*See generally* First Mot. Copy Docket Sheet); (Mot. Copy Resp. Brief).  The Government "does not oppose granting [Petitioner] a reasonable amount of additional time to file a reply in support of his motion and defers to the Court as to the appropriate length of time." (Resp. 2:6–9, ECF No. 150).

In light of the Government's non-opposition, the Court will grant Petitioner twenty-one (21) days, until Tuesday, June 6, 2023, to file a reply to his § 2255 Motion addressing the Government's Response.  If Petitioner needs additional time to file a reply, he must file a motion for extension of time specifying the amount of time needed, and the reason why said extension is reasonable.  As to Petitioner's remaining requests, the Clerk of Court is instructed

---

[2] Even if the Government's Response was untimely, the Court would still deny Petitioner's Motion for Default Judgment.  "The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment." *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990); *see also Allen v. Tripp*, 2013 WL 1345842, at *1 (D.D.C. Apr. 2, 2013) ("[I]t is improper to issue a default judgment granting a habeas petition."). Instead, because habeas petitions implicate the interests of "the public at large," a court must "ensur[e] that [they] are granted only when the court is satisfied of their merits"—that is, "on the best obtainable evidence." *Bermudez v. Reid*, 733 F.2d 18, 22 (2d Cir. 1984).  Furthermore, a default judgment under the Federal Rules of Civil Procedure is not available against the United States unless "the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d).

to mail Petitioner a copy of the docket and a copy of the Government's Response to Petitioner's § 2255 Motion, (ECF No. 142), to Petitioner's address listed on the docket.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Motion for Default, (ECF No. 147), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's First Motion for Copy of Docket Sheet, (ECF No. 149), and Motion for Copy of Response Brief, (ECF No. 153), are **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Second Motion for Copy of Docket Sheet, (ECF No. 154), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Petitioner has until June 6, 2023, to file a reply to his § 2255 Motion, (ECF No. 135), addressing the Government's Response, (ECF No. 142).

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to mail Petitioner a copy of the docket and the Government's Response, (ECF No. 142), to the address listed on the docket.

**DATED** this  17  day of May, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court