**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No.: 2:21-cr-00001-GMN-BNW |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| RICKON WADE, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion"), (ECF No. 135), filed by Petitioner Rickon Wade ("Petitioner"). The Government filed a Response, (ECF No. 142), to which Petitioner filed a Motion to Vacate His Convictions and Sentences, (ECF No. 158), which the Court liberally construes as a Reply.[1]

Also pending before the Court is Petitioner's unopposed Motion to Consider and Negate Term of Supervised Release, (ECF No. 157). The Government filed a Response, (ECF No. 159), to which Petitioner did not file a Reply.

For the reasons discussed below, the Court **DENIES** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 and Motion to Consider and Negate Term of Supervised Release, and **DENIES as moot** Petitioner's Motion to Vacate His Convictions and Sentences.

///

///

---

[1] The Court construes this filing as a Reply because it raises the same arguments Petitioner originally asserted in his § 2255 Motion and attempts to rebut the arguments set forth by the Government in its Response. (*Compare* § 2255 Mot. *with* Mot. Vacate Convictions).

## I. BACKGROUND

On January 5, 2021, an Indictment was entered charging Petitioner with one count of Fraud and Misuse of Visas, Permits, and Documents in violation of 18 U.S.C. § 1546(a), and one count of Misuse of a Social Security Number in violation of 42 U.S.C. § 408(a)(7)(B). (Indictment, ECF No. 25). Following a four-day jury trial, the jury convicted Petitioner on both counts. (Mins. Proceedings, ECF Nos. 75, 76–77, 82). The Court sentenced Petitioner to thirty-seven (37) months imprisonment on each count to run concurrently, in addition to imposing a $100 special assessment for each count. (*See generally* J., ECF No. 102).

Petitioner appealed his sentence, arguing this Court had improperly applied a six-level enhancement under U.S.S.G. § 2B1.1(b)(11)(C)(i) that applies to offenses involving "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification." *United States v. Wade*, No. 21-cr-10200, 2022 WL 3083311, at *1 (9th Cir. Aug. 3, 2022). The Ninth Circuit affirmed Petitioner's sentence, determining Petitioner had fraudulently used someone else's alien registration number in the course of applying for the driver's license, and that conduct was not encompassed in the crimes of which he was convicted. *Id.* Petitioner then filed the instant § 2255 Motion, (ECF No. 135), and Motion to Consider and Negate Term of Supervised Release, (ECF No. 157), which the Court discusses below.

## II. LEGAL STANDARD

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

///

Limitations on § 2255 motions are based on the fact the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir.2000). Further, "[i]f a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so," the defendant is in procedural default. *Johnson*, 988 F.2d at 945; *see also Bousley v. United States,* 523 U.S. 614, 622 (1998).

This procedural default may be overcome by showing either (1) cause for failing to raise the issue and prejudice or (2) actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir .2003). But the "cause and prejudice" exception revives only defaulted constitutional claims, not non-constitutional sentencing errors. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir.1994). Further, ineffective assistance of counsel claims are an exception to procedural default, since the trial record is often inadequate for the purpose of bringing these claims on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003) ("[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Id*. at 509.

## III. DISCUSSION

At the outset, the Government contends Petitioner procedurally defaulted on his claims underlying both Motions by failing to assert them on direct appeal. (Resp. § 2255 Mot. 5:17–6:2, ECF No. 142); (Resp. Mot. Negate Supervised Release 3:17–4:8, ECF No. 159). However, the Government acknowledges the substantive claims brought by Petitioner are

buttressed by his contention that his counsel was ineffective.[2] (Resp. § 2255 Mot. 5:17–6:2, ECF No. 142); (Resp. Mot. Negate Supervised Release 3:23–4:4).  As stated, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro*, 538 U.S. at 504.  Therefore, out of an abundance of caution, the Court addresses Petitioner's Motions on the merits.

To prevail on an ineffective assistance of counsel claim, Petitioner must show both (1) deficient performance under an objective standard of reasonableness and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To demonstrate deficient performance, "[t]he challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).  To demonstrate prejudice, the petitioner must show that "but for counsel's unprofessional errors," there is a reasonable probability "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome.").  A petitioner must allege facts—not conclusory allegations—to warrant relief. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).  The Court will first examine Petitioner's claims of ineffective assistance contained in his § 2255 Motion.

///

///

///

---

[2] At the outset, the Court notes Petitioner's Motions are predicated on "nesting doll arguments." *Kelley v. United States*, No. 21-cv-5476, 2022 WL 436633, at *4 (W.D. Wash. Sept. 21, 2022).  Rather than asserting actual faults concerning his counsel's performance, Petitioner largely "attempt[s] to shoehorn substantive claims into ineffective-assistance claims, presumably because the claims otherwise would be procedurally barred" since Petitioner failed to raise them before this Court and the Ninth Circuit. *Id.*  Nevertheless, because Petitioner has styled his claims as ineffective-assistance claims, the Court will address the merits of his argument.

**A. § 2255 Motion**

Petitioner contends his counsel was ineffective by: (1) failing to challenge the Court's imposition of separate special assessments while imposing concurrent sentences, and (2) failing to contend his separate counts of conviction should be merged because they arise from the same conduct. (§ 2255 Mot. at 4, 8). Each argument will be examined in turn.

**1. Separate Special Assessments & Concurrent Sentences**

Pursuant to 18 U.S.C. § 3013(a), the district court "shall" impose the special assessment "on an person convicted of *an offense*." *Id.* (emphasis added). Petitioner was convicted of two offenses: (1) Fraud and Misuse of Visas Permits, and Documents in violation of 18 U.S.C. § 1546(a), and (2) Misuse of a Social Security Number in violation of 42 U.S.C. § 408(a)(7)(B). (*See generally* J.). The United States Court of Appeals for the First Circuit has explained: "because [§ 3013(a)] is phrased in the singular, its terms imply that each offense—each felony—calls for a separate special assessment, even when a single defendant is simultaneously convicted of multiple charges." *United States v. Luongo*, 11 F.3d 7, 10 (1st Cir. 1993). In addition, the First Circuit noted that "[e]very court of appeals thus far to consider the question has ruled that the special assessment required by section 3013 must be imposed on a 'per count' basis." *Id.* (citing cases).

Petitioner argues this Court improperly imposed consecutive special assessments because his custodial sentences and terms of supervised release were imposed concurrently. (§ 2255 Mot. at 4–6). Petitioner relies on *Ray v. United States*, 481 U.S. 736 (1987), to support his contention.[3] (*Id.* at 5).

---

[3] Petitioner argues under *Ray*, his claim is brought pursuant to the "concurrent sentence doctrine." (*Id.*). The "concurrent sentence doctrine" occurs

> Where the conviction on one count is found to be valid by the appellate court, or is not challenged on appeal, the court may decline to address issues directed only to the other counts. The court could summarily affirm if a ruling in defendant's favor would not reduce the length of a

In *Ray*, the court of appeals declined to review the defendant's second conviction after affirming the first conviction because the sentences on the two counts were concurrent. *Id.* at 736–37. The Supreme Court vacated the decision because the special assessment was imposed on each count and therefore the sentences were not technically "concurrent." *Id.* at 737. The Supreme Court observed the defendant's "liability to pay th[e] total depends on the validity of each of his . . . convictions." *Id.* Contrary to Petitioner's contention, "*Ray* does not stand for the proposition that a court cannot impose a defendant's custodial sentence concurrently and its special assessment consecutively." *Wells v. United States*, No. 95-cv-0496, 1995 WL 714456, at *4 (S.D. Cal. Oct. 12, 1995); *see United States v. Self*, 100 F. Supp. 3d 773, 815 (D. Ariz. 2015) (rejecting the petitioner's argument based on the concurrent sentence doctrine and noting that none of the cases relied on by petitioner "preclude the imposition of multiple special assessments where, as here, the defendant has been properly convicted of multiple offenses"). Accordingly, Petitioner has neither shown his counsel performed deficiently, nor that he was prejudiced, by his counsel's decision not to challenge the Court's imposition of consecutive multiple special assessments.

**2. Multiplicity Claim**

Next, Petitioner argues his counsel failed to contend Petitioner's separate counts of conviction should be merged because they arise from the same conduct. (§ 2255 Mot. at 8).

In general, "multiplicity" is the charging of a single offense under more than one count of an indictment. *United States v. Nguyen*, 28 F.3d 477, 482 (5th Cir. 1994); *see United States*

---

defendant's entire sentence or the amount of a fine or otherwise prevent some prejudice to the defendant.

1 Federal Criminal Appeals § 3:54; *see Ray*, 481 U.S. at 736 (determining the concurrent sentence doctrine inapplicable because of multiple special assessments). Here, the "concurrent sentence doctrine" is inapplicable because Petitioner has not been denied review of a particular conviction. And for the reasons stated below, *Ray* does not otherwise support Petitioner's arguments.

*v. Jawara*, 474 F.3d 565, 574 (9th Cir. 2007).  "The chief danger by a multiplicitous indictment is the possibility that the defendant will receive more than one sentence for a single offense." *United States v. Swaim*, 757 F.2d 1530, 1537 (5th Cir.), *cert. denied*, 474 U.S. 825 (1985). Where the question of multiplicity arises because of overlapping statutory provisions, "[t]he test for determining whether the same act or transaction constitutes two offenses or only one is whether conviction under each statutory provision requires proof of an additional fact which the other does not." *Nguyen*, 28 F.3d at 482.  The Double Jeopardy Clause precludes a second punishment for the same offense, not for the same conduct. *See United States v. Dixon*, 509 U.S. 688, 699 (1993).

   Here, Petitioner's argument misconstrues the protections afforded by the Double Jeopardy Clause.  The Government can seek a multiple count indictment for violations of distinct statutes where the same conduct serves as the basis for both charges. *See Ohio v. Johnson*, 467 U.S. 493, 500 (1984) ("While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution.").  And here, Petitioner fails to make out a double jeopardy violation because his charged offenses are separate for purposes of the Double Jeopardy Clause. *Compare* 18 U.S.C. § 1546(a) *with* 42 U.S.C. § 408(a)(7)(b).  Accordingly, Petitioner has neither shown his counsel performed deficiently, nor that he was prejudiced, by his counsel's decision not to advance his multiplicity claim.

   In sum, Petitioner's asserted reasons underlying his ineffective assistance of counsel claim are insufficient to show deficient performance or prejudice.  And it is well established counsel cannot have been ineffective for failing to advance a meritless argument. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) ("[T]rial counsel cannot have been ineffective for failing to raise a meritless objection."); *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996)

("[T]he failure to take a futile action can never be deficient performance . . . ."). Accordingly, Petitioner's § 2255 Motion is DENIED.

### B. Motion to Consider and Negate Term of Supervised Release

Petitioner next contends this Court "[was] in clear error for imposing supervised release following his term of imprisonment" in light of United States Sentencing Guideline ("U.S.S.G.") § 5D1.1(c) (2011) which directs that a district court ordinarily should not impose a term of supervised release if the defendant is a deportable alien, as Petitioner is here. (Mot. Negate Supervised Release at 1). However, to the extent Petitioner claims his counsel was deficient for failing to argue a term of supervised release was improper, his argument is belied by the record and applicable law.

The record reflects the Court appropriately determined a term of supervised was warranted upon review of the probation officer's presentence report ("PSR") and the parties sentencing memorandums. (Sentencing Transcript 29:17–20, 30:12–15, ECF No. 118). The Ninth Circuit has held a district court's imposition of supervised release is justified when supported by the probation office's PSR or the record as a whole. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("[A]dequate explanation in some cases may . . . be inferred from the PSR or the record as a whole."); *United States v. Canas*, No. 12-cv-50308, 540 Fed. App'x 789, 789 (9th Cir. 2013) (finding the district court did not plainly err in imposing supervised release where "the record reflect[ed] that the district court considered the probation officer's recommendation in favor of a term of supervised release and determined that a supervised release term was warranted"). Further, while the Guidelines state that a district court should not "ordinarily" impose supervised release if the defendant is a deportable alien, "they also provide that supervised release may be appropriate if it will provide added deterrence or protection." *United States v. Rosas-Dominguez,* 724 Fed. App'x 567, 570 (9th

///

Cir. 2018) (citing U.S.S.G. § 5D1.1(c), cmt. n.5 (2015)).  In this case, the Court's imposition of supervised release was based in part on concerns about the danger Petitioner posed to the public in light of his lengthy criminal history. (Sentencing Transcript 29:14–20, 31:20–32:13, 43:10–16).

Petitioner's argument rests on the unsupported assumption that if his counsel had mentioned U.S.S.G. § 5D1.1(c) by name, he would not have received a term of supervised release.  But this contention is squarely contradicted by the fact the Court found that the imposition of supervised release was warranted based on careful consideration of the probation office's PSR and the parties sentencing memorandums.  Accordingly, Petitioner has neither shown that this Court erred in imposing supervised release, nor that his counsel was ineffective for failing to raise U.S.S.G. § 5D1.1(c) at sentencing.

**C. Certificate of Appealability**

A habeas petitioner may not appeal the denial of a § 2255 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B); *see also United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability).  A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1025–26 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000); *Barefoot v. Estelle*, 463 U.S. 880 (1983)).

Based on this Court's review of the record, the issues presented are not debatable among jurists of reason and no issues could be resolved in a different manner.  This Court further finds that no questions are adequate for further proceedings.  Therefore, Petitioner is not entitled to a

certificate of appealability.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under § 135, (ECF No. 135), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Consider and Negate Term of Supervised Release, (ECF No. 157), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate His Convictions and Sentences, (ECF No. 158), is **DENIED as moot**.

**DATED** this __23__ day of June, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court