UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:21-cr-00001-GMN-BNW |
| vs. | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| RICKON AMYON WADE, | ) | **MOTIONS FOR SENTENCE** |
| | ) | **REDUCTION** |
| Defendant. | ) | |
| | ) | |

Pending before the Court are the Motion for Review of Eligibility for a Sentence Reduction, (ECF No. 167), and Motion for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c), (ECF No. 168), filed by Defendant Rickon Amyon Wade. The Court appointed Defendant counsel from the Federal Public Defender's Office pursuant to General Order 2023-09,[1] who filed a Notice of Non-Eligibility explaining that based on her review of Defendant's "*pro se* filing" and "additional relevant documents" Defendant "does not qualify for a sentence reduction." (Notice Non-Eligibility 1:17–19, ECF No. 171). The Court, having considered Defendant's Motions and the FPD's Notice of Non-Eligibility, agrees with the FPD's determination and finds that Defendant is not entitled to a sentence reduction.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the Guidelines Manual became effective. "Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until

---

[1] General Order 2023-09 presumptively appointed counsel for any defendant "previously determined to have been entitled to appointment of counsel, or who is now entitled to appointment of counsel, to determine whether that defendant may qualify for retroactive relief under Amendment 821."

February 1, 2024, or later." *United States v. Vladimirov*, No. 2:20-cr-00054, 2023 WL 8529076, at *1 (S.D.W. Va. Dec. 8, 2023). Thus, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n.7. As a result, "if a defendant is scheduled for release before February 1, 2024, he or she is not entitled to relief under Amendment 821." *United States v. Martha Pichardo*, No. 19-cr-20105, 2023 WL 8890891, at *2 (S.D. Fla. Dec. 26, 2023).

According to the Bureau of Prisons, Defendant's scheduled release date is January 6, 2024. *See* Federal BOP, *Find an Inmate*, https://www.bop.gov/inmateloc/, (last visited December 28, 2023) (projecting Defendant's release date as January 6, 2024). Because Defendant is scheduled for release before Amendment 821 can be retroactively applied in February 2024, he is not entitled to relief under Amendment 821. *Martha Pichardo*, 2023 WL 8890891, at *2.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's for Review of Eligibility for a Sentence Reduction, (ECF No. 167), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c), (ECF No. 168), is **DENIED**.

**DATED** this __28__ day of December, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court